SIGNED THIS: June 4, 2012

_____
**Thomas L. Perkins
United States Chief Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| THOMAS E. HAYES and ) | Case No. 11-83175 |
| BARBARA G. HAYES, ) | |
| Debtors. ) | |

**O P I N I O N**

Household size is at issue in this chapter 13 case filed by Thomas and Barbara Hayes (individually "Thomas" and "Barbara"; together, the "DEBTORS"). The chapter 13 standing trustee, Michael D. Clark (TRUSTEE), objects to the Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, Official Form 22C, filed by the DEBTORS in which they claim, on line 16, a household size of three. The household size of three causes their annualized current monthly income of $61,522.68 to fall below the median family income for three person households in Illinois which is $66,758.00. The TRUSTEE contends that their household size should be two, not three, which would put the DEBTORS above the median, requiring them to complete parts

IV, V and VI of Form 22C and to calculate their disposable income via that form. Barbara was the sole witness at trial.

The third person in the household is Barbara's mother, who is seventy-two years of age and suffers from COPD and emphysema, requiring her to be on oxygen full time. She may also be suffering from dementia. Barbara's mother has lived with the DEBTORS for two years and they intend that she will live with them permanently for the rest of her life, until and unless her needs become such that she would require nursing home care. The DEBTORS claim her as a dependent on their income tax returns. Barbara's mother's sole source of income is a social security payment of $1,001 per month. From that amount, she gives $400 to Barbara to pay for her regular household expenses. She also gives approximately $400 per month to her other children.

The Court determines that the DEBTORS' asserted household size of three is permissible under the means test. At least three analytical approaches have been judicially developed to determine household size: the Census Bureau "Heads on Beds" approach, the IRS dependency approach, and the economic unit approach. *See In re Robinson,* 449 B.R. 473 (Bankr.E.D.Va. 2011). It is not necessary for the Court to choose between the three since the result is the same under each. Barbara's mother is actually residing with the DEBTORS on a permanent basis. She is making a financial contribution to the household and her regular living expenses are paid from the household's combined income. She is part of the economic unit. In addition, she is actually dependent upon the DEBTORS and is claimed as such for tax purposes. The DEBTORS' assertions on Form 22C that their household size

is three and, therefore, that their annualized current monthly income is below the applicable median for a household size of three is supported by the evidence.

The TRUSTEE complains that the $400 monthly cash payment to Barbara from her mother was not clearly disclosed in the schedules or at the meeting of creditors. Schedule I adds "Mother's income" of $1,001 as an income line item to Barbara's column, increasing her net income from $3,831.52 to $4,832.52. Schedule J (labeled "Spouse's Schedule") shows expenses of $1,002 but does not reflect the monthly $400 payment to Barbara. These schedules are less than clear, but most of the blame should be directed at DEBTORS' counsel for not clarifying the financial arrangement and causing it to be disclosed explicitly.

At trial, however, Barbara testified forthrightly about the arrangement and thought it had been disclosed at the first meeting. The evidence supports the conclusion that the $400 paid by her mother every month is intended to cover her mother's actual expenses and does, in fact, usually do so. The $400 is not "income" to the DEBTORS in the sense of extra discretionary funds. Rather, it is funds that are earmarked for her mother's expenses and are actually used for those expenses. The lack of clarity of disclosure, in this case, is attributable to attorney laxity, not to an effort by the DEBTORS to hide income that could be used to pay creditors or to intentionally obfuscate their true financial picture.

The TRUSTEE also suggests that if Barbara's mother is properly considered part of the household, then all of her income should be contributed to the family funds. The DEBTORS contend that she is not a debtor in bankruptcy whose income is subject to Court

3

control and may do what she wants with her own money. This issue must be decided on a case by case basis. The most important thing, at least as a starting point, is that Form 22C, as well as Schedules I and J, accurately disclose the actual financial relationship that the household members have with each other. Here, the DEBTORS' attorney failed on that score. But after hearing evidence, the Court is satisfied that Barbara's mother regularly contributes $400 each month to the household and that amount is a fair approximation of her actual expenses. In this Court's view, a nondebtor member of a debtor's household is not necessarily required, simply because she lives under the same roof, to pay all her income to the debtor, in order for the debtor to confirm a chapter 13 plan. There is nothing nefarious or improper occurring here and creditors are not being mistreated on account of Barbara's mother's circumstances.

The First Amended Plan is confirmable as filed. The DEBTORS will be given fourteen days to submit a confirmation order that conforms the amount of CEFCU'S secured claim to the amount stated in Claim 2-1 and the amount of Springleaf's arrearage to the amount stated in Claim 7-1. This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###